ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ISLAND PORTFOLIO SERVICES, LLC, como agente de ACE ONE FUNDING, LLC., <br><br> Recurrida, <br><br> v. <br><br> MARÍA VÁZQUEZ RIVERA, <br><br> Peticionaria. | TA2025AP00241 | **APELACIÓN acogida como *CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Caguas. <br><br> Civil núm.: CG2025CV01609. <br><br> Sobre: cobro de dinero (Regla 60). |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

La señora María Vázquez Rivera (señora Vázquez) presentó este recurso, que intituló *Apelación*, el 14 de agosto de 2025. Solicitó que revisáramos la orden dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 8 de agosto de 2025. Mediante esta, el foro primario declaró sin lugar la solicitud de relevo de sentencia presentada por la señora Vázquez el 21 de julio de 2025[1].

Por su parte, la parte recurrida, Island Portfolio Services, LLC, como agente de cobro de Ace One Funding, LLC, presentó oportunamente su oposición a la expedición del recurso el 4 de septiembre de 2025.

Evaluados los sendos escritos de las partes litigantes, los documentos adjuntados a la petición, a la luz del derecho aplicable, este Tribunal **deniega la expedición del auto de *certiorari.***

---

[1] Por tratarse de una solicitud para que revisemos una determinación post sentencia, el recurso apropiado es el recurso discrecional de *certiorari*. Por lo tanto, acogimos este como uno de *certiorari*, aunque mantuvimos la designación alfanumérica previamente asignada.

I

El caso ante el Tribunal de Primera Instancia se originó en una demanda de cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V.

Presentada la demanda, la Secretaría del foro primario expidió la citación, la cual fue notificada, mediante correo certificado, a la dirección residencial de la señora Vázquez[2].

Valga apuntar que, a esta dirección, ya la parte recurrida había enviado una comunicación previa el 26 de febrero de 2025, que fue aceptada por la señora Vázquez[3]. En esta ocasión, sin embargo, el servicio postal de los EE.UU. acreditó que la carta en que constaba la citación no había sido reclamada (i.e., *unclaimed*). En ninguna de sus comparecencias ante este foro o ante el tribunal primario la señora Vázquez ha acreditado que su dirección residencial fuera incorrecta o que ella se hubiera mudado de la misma. Inclusive, esa dirección fue utilizada por ella para notificar a la recurrida una carta fechada el 10 de marzo de 2025.

Ante la incomparecencia de la señora Vázquez, el foro primario anotó su rebeldía y dictó su sentencia el **24 de junio de 2025**, notificada al día siguiente. En ella, el tribunal consignó que la peticionaria debía $4,504.90 a la recurrida, en concepto de un préstamo personal.

El 21 de julio de 2025, la señora Vázquez presentó una solicitud de relevo de la sentencia, al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V. Esta fue declarada sin lugar el 8 de agosto de 2025.

Inconforme, la peticionaria presentó este recurso el 14 de agosto de 2025, y adujo que el foro primario no había adquirido jurisdicción sobre su persona. Es decir, que nunca recibió la carta-citación que manda la Regla 60 de Procedimiento Civil y que le fuera cursada por la recurrida por correo certificado.

---

[2] La dirección de la señora Vázquez es: Urb. Villa del Rey 4, LL27, Calle 17a, Caguas, PR 00727-6859.

[3] Nos referimos a la carta de interpelación o el *Aviso de Cobro* que manda el Art. 17(13) de la *Ley de Agencias de Cobro*, Ley Núm. 143 de 27 de junio de 1968, según enmendada, 10 LPRA sec. 981p.

Además, planteó que, a través de una empresa para la reparación de su crédito, había eliminado la acreencia reclamada. No obstante, en cuanto a este señalamiento, la señora Vázquez no aportó prueba alguna que sostenga su pago de la deuda contraída y reclamada en esta acción.

II

A la luz de lo antes expuesto, este Tribunal concluye que la parte peticionaria no pudo establecer que el foro primario hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, según enmendado, *In re aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, Resolución ER-01, 2025 TSPR 42, 215 DPR ___ (2025), resolvemos **denegar la expedición del auto de *certiorari***.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones